UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiffs,

        vs.

IGNITE INTERNATIONAL BRANDS, LTD., PAUL
BILZERIAN, PAUL DOWDALL, SCOTT
ROHLEDER, JOHN SCHAEFER, INTERNATIONAL
INVESTMENTS, LTD., ACCELL AUDIT &
COMPLIANCE, PA, AND CHRISTOPHER
HIESTAND,

               Defendants.

——————————————————————X

№.:  1:24-cv-07331-VM

**DEFENDANT
INTERNATIONAL
INVESTMENTS, LTD.'S
ANSWER AND AFFIRMATIVE
DEFENSES**

     Defendant International Investments, Ltd., ("I.I." or "Defendant"), by and through I.I.'s

attorneys Daniel L. Cevallos, Esq., and Cevallos & Wong LLP, files this Answer and

Affirmative Defenses to the plaintiff Securities and Exchange Commission's ("plaintiff" or

"SEC") Complaint (ECF # 6), and in response to the allegations in the specific numbered

paragraphs in the Complaint, Defendant answers the Complaint, denies the allegations, and

interposes affirmative defenses as follows:

**INTERNATIONAL INVESTMENT'S
PRELIMINARY STATEMENT**

     Defendant I.I. denies that I.I. engaged in any fraudulent conduct or violated the federal

securities laws as alleged in the Complaint. To the extent that allegations in the Complaint

pertain to a party other than I.I., no response is required, and they are effectively denied. To the

extent the allegations purport to draw inferences from, mischaracterize, and/or quote out-of-

context certain unauthenticated communications, records, and/or documents, which, if

authenticated, speak for themselves, no response thereto is required, and Defendant denies all

allegations or inferences related thereto. To the extent the allegations in the Complaint describe

statutory or constitutional provisions, or are legal conclusions, no response is required.

Defendant denies all allegations contained in the headings and all unnumbered paragraphs in the Complaint, except for such allegations as are explicitly and specifically admitted below.

## RESPONSE TO COMPLAINT SUMMARY

1. Defendant I.I. denies each and every allegation contained in Paragraph 1 except admits that Ignite issued a press release in January 2021. Defendant I.I. is without knowledge or information sufficient to form a belief as to when and if there was any price increase of Ignite stock after the January 19, 2021 press release, and therefore those and the remaining allegations in this Paragraph are denied.

2. Defendant I.I. denies each and every allegation contained in Paragraph 2. To the extent the allegations pertain to a party other than this answering Defendant, no response is required. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

3. Defendant I.I. denies each and every allegation contained in Paragraph 3, except admits that Company 1 confirmed receivables in writing, and admits that International Investments purchased inventory and paid for it as of December 31, 2020. To the extent the allegations pertain to a party other than this answering Defendant, no response is required. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves,

no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

4. Defendant I.I. denies each and every allegation contained in Paragraph 4. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

5. Defendant I.I. denies the allegations in Paragraph 5 that there was any fraud, committed by defendants or anyone else, with respect to International Investments transactions, and denies that the purchase by International Investments did not occur in December 2020. Defendant I.I. is without knowledge or information as to the remaining allegations in this Paragraph, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

6. Defendant I.I. denies each and every allegation contained in Paragraph 6, except admits that Ignite filed its 2020 financial statements with the OSC at the end of April 2021. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves,

no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

7. Defendant I.I. denies each and every allegation contained in Paragraph 7, except admits that Accell included a clean audit report for Ignite's 2020 financial statements. The allegations of this Paragraph include conclusions of law, to which no response is required, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

## DENIAL OF VIOLATIONS

8. Defendant I.I. denies each and every allegation contained in Paragraph 8. The allegations of this Paragraph include conclusions of law, to which no response is required, and they are therefore denied.

9. Defendant I.I. denies each and every allegation contained in Paragraph 9. The allegations of this Paragraph include conclusions of law, to which no response is required, and they are therefore denied.

10. Defendant I.I. denies each and every allegation contained in Paragraph 10. The allegations of this Paragraph include conclusions of law, to which no response is required, and they are therefore denied.

11. Defendant I.I. denies each and every allegation contained in Paragraph 11. The allegations of this Paragraph include conclusions of law, to which no response is required, and they are therefore denied.

12. Defendant I.I. denies each and every allegation contained in Paragraph 12. The allegations of this Paragraph include conclusions of law, to which no response is required, and they are therefore denied.

13. Defendant I.I. denies each and every allegation contained in Paragraph 13. The allegations of this Paragraph include conclusions of law, to which no response is required, and they are therefore denied.

14. Defendant I.I. denies each and every allegation contained in Paragraph 14. The allegations of this Paragraph include conclusions of law, to which no response is required, and they are therefore denied.

15. Defendant I.I. denies each and every allegation contained in Paragraph 15. The allegations of this Paragraph include conclusions of law, to which no response is required, and they are therefore denied.

16. Defendant I.I. denies each and every allegation contained in Paragraph 16. The allegations of this Paragraph include conclusions of law, to which no response is required, and they are therefore denied.

## RESPONSE TO NATURE OF PROCEEDINGS AND DENIAL OF ALLEGATIONS AS TO RELIEF SOUGHT

17. The allegations in Paragraph 17 contain conclusions of law, to which no response is required, and they are therefore denied in their entirety. Defendant I.I. is without knowledge or information at this time whether the SEC properly brought this action pursuant to their statutory authority.

18. The allegations in Paragraph 18 contain conclusions of law, to which no response is required, and they are therefore denied in their entirety. SEC is not entitled to a final judgment (i) permanently enjoining Defendants from violating federal securities laws; (ii) ordering

Defendants to pay civil money penalties; (iii) prohibiting Bilzerian, Dowdall, and Rohleder from serving as an officer or director of any company that has a class of securities, or that is required to file reports; or (iv) ordering any other relief under Section 21(d)(5) of the Exchange Act, 15 U.S.C. § 78u(d)(5).

**RESPONSE TO, AND DENIAL OF,**
**JURISDICTION AND VENUE**

19. The allegations in Paragraph 19 contain conclusions of law, to which no response is required, and they are therefore denied in their entirety. Defendants specifically deny that this Court has jurisdiction over the Defendant or that venue is proper in this jurisdiction.

20. Defendant I.I. denies each and every allegation contained in Paragraph 20.

21. Defendant I.I. denies each and every allegation contained in Paragraph 21.

22. Defendant I.I. denies each and every allegation contained in Paragraph 22.

23. The allegations in Paragraph 23 contain conclusions of law, to which no response is required, and they are therefore denied in their entirety. Defendant I.I. denies knowledge or information sufficient to form a belief as to the residence, domicile, or citizenship of other defendants and those allegations are therefore denied.

**RESPONSE TO, AND DENIAL OF,**
**ALLEGATIONS AS TO DEFENDANTS**

24. Defendant I.I. denies each and every allegation contained in Paragraph 24, including conclusions of law, except admits that, to the best of I.I.'s knowledge, Ignite is a Canadian company headquartered in Ontario, Canada, that shares of Ignite were listed on the Canadian Securities Exchange under the ticker symbol BILZ from about October 2018 to August 2022, the company was previously a reporting issuer in the provinces of British Columbia, Alberta, and Ontario, that in May 2019, a Form 211 for Ignite was filed with the Financial Industry Regulatory Authority, that Ignite's stock was then quoted on OTC Link under the ticker symbol

BILZF from about July 2019 to August 31, 2022, and that in August 2022, Ignite announced that it had completed a going-private transaction. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

25. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 25, and they are therefore denied in their entirety. As to the conclusions of law contained in the same paragraph, no response is required, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context court records from other proceedings and Defendant denies all allegations or inferences of this Paragraph related thereto.

26. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 26, and they are therefore denied in their entirety.

27. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 27, and they are therefore denied in their entirety.

28. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 28, and they are therefore denied in their entirety.

29. Defendant I.I. denies each and every allegation contained in Paragraph 29, denies that Bilzerian has ever controlled I.I., but admits that International Investments is a St. Kitts company.

30. Defendant I.I. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 30, and they are therefore denied in their entirety.

31. Defendant I.I. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31, and they are therefore denied in their entirety.

## RESPONSE TO, AND DENIAL
## OF, ALLEGED FACTS

## I. DENIALS OF ALLEGATIONS THAT BILZERIAN CONTROLS IGNITE

32. Defendant I.I. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 32, and they are therefore denied in their entirety.

33. Defendant I.I. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 33, and they are therefore denied in their entirety.

34. Denies the allegations contained in Paragraph 34 and its subparts as follows.

      a. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 34(a) and they are therefore denied.

      b. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 34(b) and they are therefore denied.

      c. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 34(c) and they are therefore denied.

      d. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 34(d) and they are therefore denied.

35. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 and denies that the facts alleged therein are evidence of Bilzerian's control of Ignite.

36. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 and they are therefore denied.

37. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 and they are therefore denied.

38. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 and they are therefore denied.

39. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 and they are therefore denied.

40. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 and they are therefore denied.

## II. DENIAL OF ALLEGATIONS THAT IGNITE SENT FRAUDULENT INVOICES OR INFLATED 4TH QUARTER 2020 REVENUE

41. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 and they are therefore denied.

42. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 and they are therefore denied.

43. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 and they are therefore denied.

44. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44, and they are therefore denied.

45. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 and they are therefore denied.

46. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 and they are therefore denied.

47. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 and they are therefore denied.

48. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 and they are therefore denied.

49. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 and they are therefore denied.

50. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 and they are therefore denied.

51. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and they are therefore denied.

52. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52, and they are therefore denied.

53. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53, and they are therefore denied.

54. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54, and they are therefore denied.

55. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 and they are therefore denied.

56. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 and they are therefore denied.

57. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57, and they are therefore denied.

58. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58, and they are therefore denied.

59. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 and they are therefore denied.

60. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 60 and they are therefore denied.

61. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 61 and they are therefore denied.

62. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 and they are therefore denied.

63. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 and they are therefore denied.

64. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 64 and they are therefore denied d.

65. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 and they are therefore denied.

66. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66, and they are therefore denied.

67. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67, and they are therefore denied.

68. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68, and they are therefore denied.

69. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69, and they are therefore denied.

70. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70, and they are therefore denied.

71. Defendant I.I. denies each and every allegation in Paragraph 71, and to the extent that the same Paragraph contains allegations of fraud and conclusions of law to which no response is required, those allegations are denied.

## III. DENIAL OF ALLEGATIONS THAT IGNITE ANNOUNCED FRAUDULENT 2020 REVENUE

72. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 72 and they are therefore denied. Further answering this Paragraph, the

allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

73. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 73 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

74. Defendant I.I. denies each and every allegation in Paragraph 74, except admits that the release, if authenticated, speaks for itself. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

75. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 75 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

76. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 76 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-

context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

77. Defendant I.I. denies each and every allegation in Paragraph 77. Further answering this Paragraph, to the extent the allegations describe statutory or constitutional provisions, or are legal conclusions, no response is required. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

78. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 78 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

79. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 79 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto. Further answering this Paragraph, to the extent the allegations describe statutory or constitutional provisions, or are legal conclusions, no response is required.

80. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80, and they are therefore denied.

81. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81, and they are therefore denied.

## IV. DENIAL OF ALLEGATIONS THAT IGNITE & I.I. ENTERED A SHAM TRANSACTION

### a. Denial of Allegations that Company 1 Refused to Confirm Fraudulent Invoices

82. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 82 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

83. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 83 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

84. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 84 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or

documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

85. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 85 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

86. Defendant I.I. denies each and every allegation contained in Paragraph 86.

87. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

88. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 88 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

89. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 89 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or

documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

90. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 90 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

91. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 91 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

92. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

93. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 93 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or

documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

94. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 94 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

95. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 95 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

96. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 96 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

97. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 97, and they are therefore denied.

98. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 98, and they are therefore denied.

### b. Denial of Allegations that Ignite Transferred Product Sold to Company 1 in 2020 to Another Distributor

99. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 99 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated e-mails, orders, invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

100. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 100 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated e-mails, orders, invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

101. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 101 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated e-mails, orders, invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

102. Defendant I.I. denies each and every allegation contained in Paragraph 102.

103. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 103 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated e-mails, orders, invoices, communications, data, statements,

records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

104. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 104 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated e-mails, orders, invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

105. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 105 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated e-mails, orders, invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

106. Defendant I.I. denies each and every allegation contained in Paragraph 106 except admits that invoices were issued to Company 2 for products purchased out of the extra inventory, and that some invoices were issued by International Investments, and some were issued by Rohleder, Inc. To the extent that this Paragraph draws an inference about the defendants' intent, motives, or the content of the invoices, those allegations are denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

107. Defendant I.I. denies each and every allegation contained in Paragraph 107.

108. Defendant I.I. denies each and every allegation contained in Paragraph 108.

109. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 109 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated licenses, e-mails, orders, invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

110. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 110 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated licenses, certificates, e-mails, orders, invoices, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

111. Defendant I.I. denies each and every allegation contained in Paragraph 111.

112. Defendant I.I. denies each and every allegation contained in Paragraph 112 except admits that Schaefer requested Company 2 copy Schaefer on orders of product, and Schaefer sent International Investments and Rohleder invoices to Company 2. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated orders, copies, statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

113. Defendant I.I. denies each and every allegation in Paragraph 113, except admits that Schaefer was not an officer or employee of I.I.

114. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 114 and they are therefore denied. Further answering this Paragraph, the

allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

115. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 115 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

116. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 116 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

117. Defendant I.I. denies each and every allegation contained in Paragraph 117.

### c. Denial of Allegations that Defendants "Concocted" Some Way to Keep "Fraudulent" Revenue on 2020 Financial Statements

118. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 118 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated financial statements, audits, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

119. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 119 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated financial statements, audits, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

120. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 120 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated financial statements, audits, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

121. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 121 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated financial statements, audits, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

122. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 122 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated financial statements, audits, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

### d. Denial of Allegations that Accell & Hiestand Learned Ignite Reduced Accounts Receivable

123. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 123 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated confirmation letters, e-mails, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

124. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 124 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated e-mails, communications, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

125. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 125 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated confirmation letters, e-mails, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

126. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 126 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated confirmation letters, e-mails, communications, data, statements,

records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

127. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 127 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated confirmation letters, e-mails, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

128. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 128 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated confirmation letters, e-mails, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

129. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 129 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated confirmation letters, e-mails, communications, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

130. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 130 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated confirmation letters, e-mails, communications, data, statements,

records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

### e. Denial of Allegations that Ignite Backdated Invoices and Credit Notes

131. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations, data and chart in Paragraph 131, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, credit notes, charts, data, financial numbers, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

132. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 132 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

133. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 133 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, data, statements, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

134. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 134 and they are therefore denied. Further answering this Paragraph, the

allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

135. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 135 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

136. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 136 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

137. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 137 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated invoices, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

138. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 138 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-

context certain unauthenticated invoices, records, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

### f. Denial of Allegations that Accell and Hiestand Helped Ignite Falsely Report International Investments Transactions

139. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 139 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated audits, invoices, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

140. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 140 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated audits, invoices, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

141. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 141 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated audits, invoices, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto.

142. Defendant I.I. denies each and every allegation contained in Paragraph 142.

143. Defendant I.I. denies each and every allegation contained in Paragraph 143 except admits that after the alleged Dowdall communication, Dowdall, Bilzerian, Schaefer, and Rohleder participated in a call. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

144. Defendant I.I. denies each and every allegation contained in Paragraph 144 except admits that Rohleder sent an e-mail to an Accell employee on or about the date alleged in the Complaint, the contents of which, if authenticated, speak for themselves. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

145. Defendant I.I. denies each and every allegation contained in Paragraph 145 except admits that on or about April 6, 2021, Rohleder, Dowdall, Hiestand, and the Accell employee participated in a conference call related to International Investments.

146. Defendant I.I. denies each and every allegation contained in Paragraph 146 except admits that Rohleder sent an e-mail related to the substance of the call alleged in this Paragraph. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

147. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 147 and they are therefore denied.

148. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 148, and they are therefore denied. To the extent this Paragraph contains legal conclusions, no response is required, and they are therefore denied.

149. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 149 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated e-mails, communications, invoices, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto. To the extent this Paragraph contains legal conclusions, no response is required, and they are therefore denied.

150. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 150 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated e-mails, communications, invoices, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto. To the extent this Paragraph contains legal conclusions, no response is required, and they are therefore denied.

151. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 151, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

152. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 152, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

153. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 153, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

154. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 154, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

155. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 155, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

156. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 156, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

157. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 157, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

158. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 158, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

159. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 159, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

160. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 160 and they are therefore denied.

161. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 161 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated e-mails, communications, invoices, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto. To the extent this Paragraph contains legal conclusions, no response is required, and they are therefore denied.

162. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 162 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated "Acknowledgments", e-mails, communications, invoices, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto. To the extent this Paragraph contains legal conclusions, no response is required, and they are therefore denied.

163. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 163 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated "Acknowledgments", e-mails, communications, invoices, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto. To the extent this Paragraph contains legal conclusions, no response is required, and they are therefore denied.

164. Defendant I.I. denies each and every allegation contained in Paragraph 164, except admits that Bilzerian approved the Payment Acknowledgement and sent it to Individual 3.

Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

165. Defendant I.I. denies each and every allegation contained in Paragraph 165. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

166. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 166 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated "Acknowledgments", e-mails, communications, invoices, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto. To the extent this Paragraph contains legal conclusions, no response is required, and they are therefore denied.

167. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 167 and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated "Acknowledgments", e-mails, communications, invoices, and/or documents, which, if authenticated, speak for themselves, and Defendant denies all allegations or inferences of this Paragraph related thereto. To the extent this Paragraph contains legal conclusions, no response is required, and they are therefore denied.

168. Defendant I.I. denies each and every allegation contained in Paragraph 168. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

169. Defendant I.I. denies each and every allegation contained in Paragraph 169. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

## V. DENIAL OF ALLEGATIONS THAT IGNITE ISSUED FRAUDULENT AUDITED FINANCIAL STATEMENTS

170. Defendant I.I. denies each and every allegation contained in Paragraph 170 except admits that on or about April 30, 2021, Ignite issued its audited financial statements for the year ended December 31, 2020. All other inferences therefrom are denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

171. Defendant I.I. denies each and every allegation contained in Paragraph 171 except admits that statements were filed with the Ontario Securities Commission. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records,

and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

172. Defendant I.I. denies each and every allegation contained in Paragraph 172 except admits that Ignite reported sales revenue as indicated in its April 2021 audited financial statements. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

173. Defendant I.I. denies each and every allegation contained in Paragraph 173. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

174. Defendant I.I. denies each and every allegation contained in Paragraph 174, except admits that International Investments was referenced in the "note" referenced in the same Paragraph. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

175. Defendant I.I. denies each and every allegation contained in Paragraph 175. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails,

communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

176. Defendant I.I. denies each and every allegation contained in Paragraph 176 except admits that Ignite filed a Certification of Annual Filings signed by Dowdall as Ignite's CFO. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

177. Defendant I.I. denies each and every allegation contained in Paragraph 177. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

178. Defendant I.I. denies each and every allegation contained in Paragraph 178 except admits that Dowdall was involved in the preparation of the Certification of Annual Filings. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

179. Defendant I.I. denies each and every allegation contained in Paragraph 179. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize,

summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

180. Defendant I.I. denies each and every allegation contained in Paragraph 180. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

181. Defendant I.I. denies each and every allegation contained in Paragraph 181. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

182. Defendant I.I. denies each and every allegation contained in Paragraph 182. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

183. Defendant I.I. denies each and every allegation contained in Paragraph 183. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

184. Defendant I.I. denies each and every allegation contained in Paragraph 184. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

185. Defendant I.I. denies each and every allegation contained in Paragraph 185. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

186. Defendant I.I. denies each and every allegation contained in Paragraph 186. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

187. Defendant I.I. denies each and every allegation contained in Paragraph 187. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

## VI. DENIAL OF ALLEGATIONS THAT ACCELL ISSUED A FALSE AUDIT REPORT

188. Defendant I.I. denies each and every allegation contained in Paragraph 188 except admits that Ignite's 2020 financial statements also contain an "Independent Auditor's Report," signed by Accell. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

189. Defendant I.I. denies each and every allegation contained in Paragraph 189 except admits that the audit report contains statements. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

190. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 190, and they are therefore denied. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated audit reports, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto.

191. Defendant I.I. denies each and every allegation contained in Paragraph 191. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

192. Defendant I.I. denies each and every allegation contained in Paragraph 192. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

193. Defendant I.I. denies each and every allegation contained in Paragraph 193. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails,

communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

194. Defendant I.I. denies each and every allegation contained in Paragraph 194. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

195. Defendant I.I. denies each and every allegation contained in Paragraph 195. Further answering this Paragraph, the allegations purport to draw inferences from, mischaracterize, summarize, and/or quote out-of-context certain unauthenticated statements, e-mails, communications, data, records, and/or documents, which, if authenticated, speak for themselves, no response thereto is required, and Defendant denies all allegations or inferences of this Paragraph related thereto. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

196. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 196, and they are therefore denied.

197. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 197 and subparagraphs (a), (b), (c), and (d), and they are therefore denied.

198. Defendant I.I. denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 198 and subparagraphs (a), (b), (c), (d), (e), (f), (g), and (h), and they are therefore denied.

199. Defendant I.I. denies each and every allegation contained in Paragraph 199. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

200. Defendant I.I. denies each and every allegation contained in Paragraph 200. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

## DENIAL OF FIRST CLAIM FOR RELIEF: EXCHANGE ACT § 10(B), RULE 10B-5
### *SEC v Ignite, Dowdall, Shaefer*

201. Defendant I.I. reasserts its responses and denials to the allegations in paragraphs 1-201 as if fully set forth herein at length. Further, this Claim for Relief and corresponding Paragraphs therein allege no causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

202. Defendant I.I. denies each and every allegation contained in Paragraph 202 and subparagraphs (i), (ii), (iii). Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied. Further, this Claim for Relief and corresponding Paragraphs therein allege no causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

203. Defendant I.I. denies each and every allegation contained in Paragraph 203. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied. Further, this Claim for Relief and corresponding Paragraphs therein allege no

causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

## DENIAL OF SECOND CLAIM FOR RELIEF: EXCHANGE ACT § 10(B); RULES 10B-5(A), 10B-5(C)
### *SEC v Bilzerian, Rohleder, International Investments*

204. Defendant I.I. reasserts its responses and denials to the allegations in paragraphs 1-204 as if fully set forth herein at length.

205. Defendant I.I. denies each and every allegation contained in Paragraph 205. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

206. Defendant I.I. denies each and every allegation contained in Paragraph 206. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

## DENIAL OF THIRD CLAIM FOR RELIEF: EXCHANGE ACT § 10(B), RULE 10B-5(B)
### *SEC v Accell, Hiestand*

207. Defendant I.I. reasserts its responses and denials to the allegations in paragraphs 1-207 as if fully set forth herein at length. Further, this Claim for Relief and corresponding Paragraphs therein allege no causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

208. Defendant I.I. denies each and every allegation contained in Paragraph 208 and subparagraphs (i), (ii), (iii). Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied. Further, this Claim for Relief and corresponding Paragraphs therein allege no causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

209. Defendant I.I. denies each and every allegation contained in Paragraph 209. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied. Further, this Claim for Relief and corresponding Paragraphs therein allege no causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

### DENIAL OF FOURTH CLAIM FOR RELIEF: AIDING & ABETTING, EXCHANGE ACT § 10(B), RULE 10B-5
#### *SEC v Bilzerian, Rohleder, International Investments, Accell, Hiestand*

210. Defendant I.I. reasserts its responses and denials to the allegations in paragraphs 1-210 as if fully set forth herein at length.

211. Defendant I.I. denies each and every allegation contained in Paragraph 211. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

212. Defendant I.I. denies each and every allegation contained in Paragraph 212. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

213. Defendant I.I. reasserts its responses and denials to the allegations in paragraphs 1-213 as if fully set forth herein at length.

214. Defendant I.I. denies each and every allegation contained in Paragraph 214. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied.

### DENIAL OF FIFTH CLAIM FOR RELIEF: CONTROL PERSON LIABILITY, EXCHANGE ACT § 20(A)
#### *SEC v Bilzerian*

215. Defendant I.I. reasserts its responses and denials to the allegations in paragraphs 1-215 as if fully set forth herein at length. Further, this Claim for Relief and corresponding Paragraphs

therein allege no causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

216. Defendant I.I. denies each and every allegation contained in Paragraph 216 and subparagraphs (i), (ii), (iii). Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied. Further, this Claim for Relief and corresponding Paragraphs therein allege no causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

217. Defendant I.I. denies each and every allegation contained in Paragraph 217. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied. Further, this Claim for Relief and corresponding Paragraphs therein allege no causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

218. Defendant I.I. denies each and every allegation contained in Paragraph 218. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied. Further, this Claim for Relief and corresponding Paragraphs therein allege no causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

219. Defendant I.I. denies each and every allegation contained in Paragraph 219. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied. Further, this Claim for Relief and corresponding Paragraphs therein allege no causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

220. Defendant I.I. denies each and every allegation contained in Paragraph 220. Further, this Paragraph contains conclusions of law to which no response is required, and they are therefore denied. Further, this Claim for Relief and corresponding Paragraphs therein allege no

causes of action against the answering Defendant I.I., and therefore no response is required, and they are denied.

## DENIAL OF PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in subparagraphs I through VII, and denies that Plaintiff is entitled to injunctive relief, penalties against defendants, or that Plaintiff is entitled to an order prohibiting any Defendant from serving as an officer or director of any company.

## JURY DEMAND

Defendant denies that any of the claims asserted against them are valid, but Defendant demands a trial by jury for all claims so triable.

## DEFENDANT I.I.'S AFFIRMATIVE DEFENSES

The affirmative defenses herein are not judicial admissions or evidentiary admissions. Any statements in the affirmative defenses constitute potential legal theories, not facts.

### First Affirmative Defense: Fed.R.Civ.P. 8(c)

Defendant hereby incorporates those defenses enumerated in Fed. R. Civ. P. 8(c) as though fully set forth herein. In the event further investigation and discovery reveal the applicability of such defenses, Defendant reserves the right to seek leave of Court to assert such defenses. Such defenses are specifically incorporated herein by reference for the purpose of not waiving any such defense.

### Second Affirmative Defense: Fed.R.Civ.P. 11

In accordance with Fed. R. Civ. P. 11, all possible defenses may or may not have been asserted herein insofar as sufficient facts were not available to Defendant I.I. after reasonable

inquiry upon the filing of this pleading, and, therefore, Defendant I.I. asserts the following defenses based in fact or upon reasonable belief and hereby reserves the right to amend this answer to allege appropriate and/or additional defenses, if subsequent investigation or discovery so warrants.

### Third Affirmative Defense: Failure to State a Claim

The Complaint fails to state claims against Defendant I.I. upon which relief can be granted. Plaintiff's allegations of fraud fail to state a claim upon which relief can be granted because they do not satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).

### Fourth Affirmative Defense: Personal Jurisdiction

This Court lacks personal jurisdiction over Defendant I.I.

### Fifth Affirmative Defense: Statute of Limitations

Plaintiff's claims are barred by the statute of limitations.

### Sixth Affirmative Defense: Statute of Repose

Plaintiff's claims are barred by the statute of repose.

### Seventh Affirmative Defense: Lack of Statutory Authority

Plaintiff does not have statutory authority to obtain the relief it seeks against Defendant I.I.

### Eighth Affirmative Defense: Defenses to become Apparent

Defendant I.I. reserves the right to rely upon any defenses that become available or apparent during discovery in this action.

### *Ninth Affirmative Defense: Incorporation of All Other*
### *Affirmative Defenses*

Defendant I.I. asserts and hereby incorporates by reference all affirmative defenses made by any of the other Defendants in this action when and where applicable to the circumstances of Defendant I.I. as his affirmative defenses.

### *Tenth Affirmative Defense: No Misstatements, Omissions,*
### *Deceptive Conduct*

Plaintiff's claims are barred, in whole or in part, to the extent that Defendant did not make a misstatement or omission of material fact. Further, I.I.'s conduct did not constitute deceptive conduct or a "device, scheme, or artifice to defraud."

### *Eleventh Affirmative Defense: Due Process / Vagueness*

Plaintiff's claims are barred, in whole or in part, to the extent that SEC's application of Rule 10b-5 in this case is impermissibly vague or overbroad as applied to I.I., and this attempted overextension of § 10b-5 liability violates fair notice principles.

### *Twelfth Affirmative Defense: Scienter*

Plaintiff's claims are barred, in whole or in part, to the extent that Defendant lacked the requisite scienter necessary to establish violations of the securities laws including §10(b) and Rule 10b-5, including intent to deceive, manipulate, or defraud.

### *Thirteenth Affirmative Defense: No Duty*

Plaintiff's claims are barred, in whole or in part, to the extent that the defendant had no duty to disclose information to the public or investors, and to the extent that defendant had a non-public-facing role without a fiduciary or public reporting role.

### *Fourteenth Affirmative Defense: Ministerial Functions*

Plaintiff's claims are barred, in whole or in part, to the extent that Defendant I.I.'s actions were ministerial accounting functions at the direction of others.

### *Fifteenth Affirmative Defense: Reliance on Professionals*

Plaintiff's claims are barred, in whole or in part, to the extent Defendants were entitled to, and did, rely on the advice of professionals, including attorneys and accountants, in making the decisions, statements, and omissions alleged in the Complaint.

### *Sixteenth Affirmative Defense: Defendants Acted with Due Diligence*

Plaintiffs' claims are barred, in whole or part, to the extent Defendants acted with due diligence and/or did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omissions of material fact existed in any of Defendant's filings with the SEC or press releases or any statement issued in connection therewith or otherwise.

### *Seventeenth Affirmative Defense: Publication Did Not Involve Defendants*

Plaintiff's claims are barred, in whole or in part, to the extent that a publication did not mention or involve Defendant or Defendant did not create, approve, or ratify any publication.

### *Eighteenth Affirmative Defense: Good Faith*

Plaintiff's claims are barred, in whole or part, to the extent Defendants who maintained books, records, and accounts acted in good faith and reasonably at all times in maintaining Defendants' books, records, and accounts.

### *Nineteenth Affirmative Defense: No Loss Causation*

Plaintiff's claims are barred or limited by the absence of loss causation.

### *Twentieth Affirmative Defense: Equitable Bars*

Plaintiff's claims are barred or limited by the doctrine of *in pari delicto*, or other and related equitable bars to relief.

### *Twenty-first Affirmative Defense: Failure to Allege Violations*

The relief requested in the Amended Complaint is inappropriate, in whole or in part, to the extent that the Amended Complaint fails to allege a reasonable likelihood of future violations of the securities laws by Defendants.

### *Twenty-second Affirmative Defense: Absence of Loss Causation*

Plaintiff's claims are barred or limited by the absence of causation or loss causation.

### *Twenty-third Affirmative Defense: Disclosures Appropriate*

Plaintiff's claims are barred or limited to the extent any alleged disclosures were forward-looking and accompanied by meaningful cautionary language, and/or corrected.

### *Twenty-fourth Affirmative Defense: Impossibility, Frustration, Market Forces*

Plaintiff's claims are barred, in whole or in part, by the doctrines of impossibility of performance, frustration of purpose, and/or commercial impracticability due to factors including, but not limited to, unforeseen market forces and external economic and other conditions beyond Defendant's control.

### *Twenty-fifth Affirmative Defense: Estoppel*

Plaintiff's claims are barred or limited by estoppel.

### *Twenty-sixth Affirmative Defense: Laches, Unclean Hands*

Plaintiff's claims are barred or limited by laches, unclean hands, and the lack of plaintiff's due diligence.

### *Twenty-seventh Affirmative Defense: Release*

Plaintiff's claims are barred or limited by release.

### *Twenty-eighth Affirmative Defense: Res Judicata*

Plaintiff's claims are barred or limited by *res judicata*.

### *Twenty-ninth Affirmative Defense: Statute of Frauds*

Plaintiff's claims are barred or limited by the statute of frauds.

### *Thirtieth Affirmative Defense: Waiver*

Plaintiff's claims are barred or limited by waiver.

## PRAYER FOR RELIEF

WHEREFORE, Defendant I.I. prays as follows:

First. ............That Plaintiff take nothing by way of its Complaint, that the same be dismissed with prejudice, and that judgment be entered in favor of Defendant I.I. and against Plaintiff;

Second. .........Denying and dismissing SEC's Complaint and their demand for an order or judgment (i) permanently enjoining Defendants from violating federal securities laws; (ii) ordering Defendants to pay civil money penalties; (iii) prohibiting Bilzerian, Dowdall, Rohleder, from serving as an officer or director of any company that has a class of securities, or that is required to file reports; or

(iv) ordering any other relief, including under Section 21(d)(5) of the Exchange Act, 15 U.S.C. § 78u(d)(5).

Third.............That the Court award I.I. its reasonable attorneys' fees and costs; and

Fourth. ..........For such other and further relief as may be just and proper.

Dated: **July 16, 2025**
New York, New York



Daniel L. Cevallos, Esq.
60 Broad Street, #2900
New York, NY 10004
917.699.5008
Danny@CevallosWong.com

*Attorney for Defendant*
*International Investments, Ltd. ("I.I.")*

## CERTIFICATION OF SERVICE

I hereby certify that on the below date, I caused a true and correct copy of the foregoing to be served upon all counsel of record in this action via the Court's CM/ECF electronic filing system, which automatically sends notice and a copy of the filing to all registered participants.

Dated: **July 16, 2025**
New York, New York



Daniel L. Cevallos, Esq.
60 Broad Street, #2900
New York, NY 10004
917.699.5008
Danny@CevallosWong.com

*Attorney for Defendant*
*International Investments, Ltd. ("I.I.")*