

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
444 South Flower Street, Suite 900
Los Angeles, CA 90071

Los Angeles
Regional Office

September 15, 2025

**By ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *SEC v. Ignite Int'l Brands, Ltd., et al.*, No. 1:24-cv-07331-VM

Dear Judge Wang:

Plaintiff Securities and Exchange Commission continues to take no position on the United States' request for a stay. (ECF Nos. 58, 68) The SEC does, however, write to respond to certain statements by defense counsel in their September 10 and 11 letters opposing a stay. (ECF Nos. 69, 70)

First, Dowdall and Shaefer suggest that the Court should sua sponte dismiss the SEC's claims against them. (ECF No. 69 at 1) Dismissal is not warranted. The well-pleaded allegations of the complaint state a claim for violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, and no defendant moved to dismiss under Rule 12.

Second, defense counsel are wrong when they suggest the stay is part of a "strategic gambit" (ECF No. 70 at 1, 3) to somehow "bail out the SEC" (ECF No. 69 at 2). Defendants, including Dowdall and Schaefer, sought several extensions of time in this case, which the SEC merely joined at defendants' request. While the possibility of a stay request provided one ground for the Court to grant one extension (ECF No. 30), none of those extensions were for the purpose of waiting for "a government intervention motion that never came." (ECF No. 70 at 3)

Third, defendants are responsible for any delays in discovery. The parties conducted the Rule 26(f) conference on August 8 and discussed a discovery plan in accordance with the Court's case management plan. Under Rule 26(a)(1)(C), the parties stipulated to serve initial disclosures on August 29. The SEC served its disclosures as agreed. All defendants missed the deadline. Only on September 5 did defendants jointly seek a four-week extension to September 26. The SEC has also made available all the documents in its initial disclosures. Since the size of the SEC's production was too large

for online file transfer, the SEC advised defendants they needed to send portable hard drives to the SEC. The SEC still has not received any hard drive from any defendant.

      The discovery Dowdall and Schaefer have propounded thus far—interrogatories and requests for production of documents from the SEC— have deadlines the SEC has not sought to extend. There is no need to do so, as they seek only information that the SEC has already made available with its initial disclosures or information that is largely in their or their co-defendants' possession or that is irrelevant. The SEC will respond to those requests when appropriate.

Respectfully submitted,

/s/ *Charles E. Canter*
Charles E. Canter
Senior Trial Counsel
*Counsel for Securities and Exchange Commission*

## Affirmation of Service

I affirm that on the below date, I e-filed the above via ECF, which will send a notice of electronic filing to all counsel/parties of record who have appeared or registered for ECF/PACER.

Dated: September 15, 2025        */s/ Charles E. Canter*
                                                      Charles E. Canter