UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,
                Plaintiff,

- against -

IGNITE INTERNATIONAL BRANDS, LTD., PAUL
BILZERIAN, PAUL DOWDALL, SCOTT
ROHLEDER, JOHN SCHAEFER, INTERNATIONAL
INVESTMENTS, LTD., ACCELL AUDIT &
COMPLIANCE, PA, AND CHRISTOPHER
HIESTAND,
                Defendants.

24 Civ. 7331 (VM) (OTW)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE AND FOR A FULL STAY OF PROCEEDINGS

JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Samuel P. Rothschild
   *- Of Counsel -*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL BACKGROUND ...................................................................................................... 2

ARGUMENT ................................................................................................................................ 4

   I.   THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE 5

   II.   THE PROPOSED STAY IS APPROPRIATE ............................................................... 6

      A.   Applicable Law ................................................................................................... 6

      B.   Discussion ........................................................................................................... 7

         1.   The Extent of Overlap ............................................................................. 7

         2.   Status of the Criminal Case ..................................................................... 8

         3.   The Plaintiff's Interests ........................................................................... 9

         4.   The Defendants' Interests ....................................................................... 9

         5.   The Public Interest ................................................................................. 10

         6.   The Interests of the Courts .................................................................... 13

CONCLUSION ........................................................................................................................... 13

**PRELIMINARY STATEMENT**

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its motion (1) to intervene in the above-captioned case (the "Civil Case"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (2) for a full stay of the Civil Case, including a stay of all discovery, until the conclusion of a parallel criminal case, *United States v. Paul Bilzerian, et al.*, No. 24 Cr. 569 (MEMF) (C.D. Cal.) (the "Criminal Case").

Courts in this District frequently stay civil proceedings that have the potential to affect a criminal case. Here, all of the conduct that is at issue in the Civil Case is also at issue in the Criminal Case, meaning that common issues of law and fact exist. The stay sought by the Government will conserve the Court's time and resources because the outcome of the Criminal Case is likely to have a significant impact on what issues are ultimately in dispute in the Civil Case. Moreover, allowing discovery in the Civil Case to proceed without restriction risks giving defendants Ignite International Brands, Ltd. ("defendant Ignite"), Paul Bilzerian ("defendant Bilzerian"), and Scott Rohleder ("defendant Rohleder," and collectively with defendants Ignite and Bilzerian, the "Criminal Defendants") the tools to improperly obtain impeachment material regarding the Government's witnesses, circumvent the criminal discovery rules, and improperly tailor their defenses in the Criminal Case.

The defendants oppose the Government's motion.[1] The SEC takes no position on the request for a stay.[2]

---

[1] On August 10, 2025, *pro se* defendant Bilzerian informed the Government that he opposes the motion. The rest of the defendants have expressed their opposition, including through public filings.

[2] On August 13, 2025, and September 10, 2025, pursuant to Judge Marrero's Individual Rules, the

1

**FACTUAL BACKGROUND**

Relevant to this motion, the Civil Case and the Criminal Case arise out of allegations that the Criminal Defendants participated in a criminal scheme whereby the Criminal Defendants and others misled investors by fraudulently reporting revenue relating to defendant Ignite's vape product sales. The Criminal Defendants and others did this by, among other things, falsely misrepresenting the date of an alleged sale of vape products by defendant Ignite to defendant International Investments, failing to disclose that defendant Bilzerian controlled both defendants Ignite and International Investments, and failing to disclose that defendant International Investments could offload the vape products only by competing with defendant Ignite.

The relevant factual allegations are set forth in the Indictment in the Criminal Case (the "Indictment") (attached hereto as Exhibit A), and in the SEC Complaint in the Civil Case.

<u>Overview of the Alleged Scheme</u>

The Indictment alleges nine criminal counts against the Criminal Defendants. Relevant to this motion, Counts Two through Six charge the Criminal Defendants with conspiracy to commit wire fraud and fraud in connection with the purchase and sale of securities, as well as substantive wire fraud, relating to the Criminal Defendants' fraudulent scheme to mislead investors regarding

---

Government submitted pre-motion letters. (Dkt. 58, 68). On September 12, 2025, Judge Marrero referred the motion to this Court. (Dkt. 74). On September 15, 2025, in an attempt to effectuate Judge Marrero's Individual Rules, the Government submitted a pre-motion letter to this Court. (Dkt. 76). The defendants' various responses to the Government's pre-motion letters have, among other things, alleged that the Government failed to meet-and-confer and objected to the Government's proposed briefing schedule. (*E.g.*, Dkt. 77). Given that the defendants have already indicated their positions on the Government's motion, there is nothing to meet-and-confer about. The Government is open to an alternative briefing schedule that permits the Court to decide the motion in advance of the October 17, 2025, deposition discussed in the Government's latest pre-trial motion.

2

defendant Ignite's revenue in the fourth quarter of 2020.[3]   Despite being informed by a company ("Company 1") serving as both a customer and third-party logistics company ("3PL") to defendant Ignite that Company 1 was storing certain large amounts vape products for defendant Ignite in a 3PL capacity, defendant Ignite included that unsold inventory held by Company 1 in inflated sales figures in press releases about defendant Ignite's sales performance during the fourth quarter of 2020.   When Company 1 refused to certify to defendant Ignite's auditor that Company 1 had purchased the unsold inventory, defendant Bilzerian directed defendant International Investments, which was controlled by defendant Bilzerian, to purchase the inventory in exchange for a reduction of debt that defendant Ignite owed to defendant International Investments.   Defendant Rohleder then falsely informed defendant Ignite's auditor that the sale of the inventory occurred in December 2020.   The Criminal Defendants also misled investors into believing that defendant Ignite's alleged sale of the inventory to defendant International Investments was a profitable, arms-length transaction by concealing the fact that defendant Bilzerian controlled both defendants Ignite and International Investments and that defendant International Investments was not a distributor or vendor of vape products and, therefore, could sell vape products only in competition with defendant Ignite, among other things.   After issuing its misleading press release about sales figures for the fourth quarter of 2020, defendant Ignite's share price increased from approximately $0.42 to $1.20 per share.   (Indictment ¶¶ 5-10).

Procedural Posture

On September 26, 2024, a Grand Jury sitting in the Central District of California returned

---

[3] Count One charges the Criminal Defendants with conspiring to defraud the United States by concealing defendant Bilzerian's assets, financial interest in, and control over defendant Ignite to dodge a more than $180 million SEC Disgorgement Order.  Counts Seven through Nine charge defendant Rohleder with assisting in the preparation of false tax returns.  Defendants John Schaefer, Paul Dowdall, and International Investments are not charged in the Indictment.

the Indictment in the Criminal Case. The SEC Complaint was filed in the Civil Case the following day, on September 27, 2024. (Dkt. 1). Since the SEC Complaint was filed, the parties in the Civil Case have met and conferred about a potential resolution. (*See*, *e.g.*, Dkt. 26). Likewise, since the Indictment was returned, the Government has met and conferred with the Criminal Defendants about a potential resolution of the Criminal Case. (*See*, *e.g.*, No. 24 Cr. 569 (MEMF) (C.D. Cal.), Dkts. 75, 80). The parties in the Criminal Case are now preparing for trial, and the Honorable Maame Ewusi-Mensah Frimpong, United States District Judge for the Central District of California, presiding over the Criminal Case, has set a trial date of January 12, 2026. (*See*, *e.g.*, Case Number 24-cr-00569-MEMF (C.D. Cal.), Dkt. 122).

On September 10, 2025, the Court issued a scheduling order in the Civil Case that instructed the parties in the Civil Case to complete fact discovery by March 6, 2026. (Dkt. 67.) Defendant International Investments noticed for October 17, 2025, the deposition of an individual whom the Government may call as a witness in the Criminal Case.

## **ARGUMENT**

The Government's request to intervene and for a full stay should be granted. If litigation and discovery in the Civil Case were to proceed at this time, there would be a risk of significant interference with the Criminal Case as well as waste of judicial time and resources. The requested stay would not prejudice any of the parties to the Civil Case; would prevent the circumvention of important limitations on criminal discovery; and would preserve judicial resources because many of the issues presented by the Civil Case will be resolved in the Criminal Case.

In similar situations, courts in this Circuit have routinely entered a complete stay of civil proceedings over a defendant's objections. *See, e.g.*, *SEC v. Milton*, No. 21 Civ. 6445 (AKH),

4

Dkt. No. 40 (S.D.N.Y. August 8, 2022) (granting Government's motion for a full stay over defense objection); *SEC v. Sarshar*, No. 20 Civ. 6865 (GBD), Dkt. No. 35 (S.D.N.Y. June 3, 2021) (same); *SEC v. Durante, et al.*, No. 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) (after Government's initial motion for partial stay of discovery, fully staying discovery and proceedings in the matter); *SEC v. Shkreli, et al.*, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2-7 (E.D.N.Y. Mar. 22, 2016) (granting, over defendants' opposition, a full stay); *SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (granting Government's request for full stay of discovery for six months over defendant's objection while criminal investigation was proceeding but prior to any criminal charge).

## I. THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect the Civil Case would have on the Criminal Case and the identity of claims and facts between the parallel actions.

As a general rule, courts "have allowed the government to intervene in civil actions—especially when the government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC v. Credit Bancorp, Ltd.*, 297 F.3d 127, 130 (2d Cir. 2002). The Government has a

5

"discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

As an initial matter, intervention is warranted because the Government's interests in ensuring the enforcement of criminal law cannot be protected adequately by the existing parties in the Civil Case, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996) ("[T]he Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties. The Government has a distinct and discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter. . . . Clearly neither the plaintiff nor the defendants have this identical interest." (citation and internal quotation marks omitted)).

Moreover, to the extent that trial in the Criminal Case may get continued to a future date, a trial in the Civil Case in advance of a related criminal trial could impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law. The Civil Case and the related Criminal Case arise from the same alleged scheme. Holding a civil trial before a criminal trial would create the possibility that there will be multiple trials covering the same fraudulent acts. This raises the probability that witnesses will be unnecessarily burdened by having to testify twice. In light of those circumstances, the Government respectfully submits that its application to intervene should be granted.

## II. THE PROPOSED STAY IS APPROPRIATE

### A. Applicable Law

The Court has the inherent power to stay proceedings in the interests of justice pending the

completion of a parallel criminal trial. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action." (citations and internal quotation marks omitted)). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When considering whether to grant a stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC v. Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-3 (S.D.N.Y. March 30, 2005) (quoting *In re Worldcom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288 (DLC), 02 Civ. 4816 (DLC), 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Volmar Distrib.*, 152 F.R.D. at 39.

### B. Discussion

Application of these factors here overwhelmingly weighs in favor of the stay sought by the Government.

#### 1. *The Extent of Overlap*

That the Criminal and Civil Cases involve nearly identical facts and issues weighs heavily

7

in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Id.* (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also SEC v. Tuzman*, No. 15 Civ. 7057 (AJN), Dkt. No. 43 at 3 (S.D.N.Y. Mar. 1, 2016) (noting that "substantial overlap between the civil and criminal proceedings" weighs in favor of stay); *Parker v. Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, the facts at issue in the Civil Case are also at issue in the Criminal Case. The facts at issue are substantially identical, and virtually all of the same documents, witnesses, and other evidence that would be used by the SEC to prove its claims would also be used to prove the Government's criminal charges against the Criminal Defendants. In other words, there is "substantial overlap between the civil and criminal proceedings." *Tuzman*, No. 15 Civ. 7057 (AJN), Dkt. No. 43 at 2-3; *see also Shkreli*, 2016 WL 1122029, at *4.

### 2.  *Status of the Criminal Case*

The return of the Indictment is also a factor that weighs in favor of a stay. *See Tuzman*, No. 15 Civ. 7057 (AJN), Dkt. No. 43 at 3. "[T]he strongest argument for granting a stay is where a party is under criminal indictment." *Shkreli*, 2016 WL 1122029, at *5 (citation and internal quotation marks omitted). Indeed, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). As the court explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc.*:

8

> A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Thus, this factor also militates strongly in favor of a stay.

### 3. The Plaintiff's Interests

The SEC takes no position with respect to this motion. Given that the SEC does not oppose this motion, there can be no reasonable argument that there would be prejudice to the plaintiff by staying the Civil Case. See *Shkreli*, 2016 WL 1122029, at *5 (citing cases).

### 4. The Defendants' Interests

While the defendants in the Civil Case object to this motion, they cannot show any substantial prejudice to the Government's request to stay the Civil Case. First, trial in the Criminal Case is set for January 2026, which is only a few months away. Accordingly, a stay in the Civil Case pending resolution of the Criminal Case will not prejudice the defendants in the Civil Case, including defendants Paul Dowdall, John Schaefer, and International Investments, who are not charged in the Indictment but have previously agreed to multiple, lengthy delays in the Civil Case. (Dkts. 13, 28, 35). See also *Trs. of Plumbers & Pipefitters Nat. Pension Fund*, 886 F. Supp. at 1139 (noting that any claimed prejudice based on delay is "reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations"). Second, while defendants Bilzerian and Rohleder have filed answers in the Civil Case (*see* Dkts. 42, 47), both of these defendants were aware of the pending Criminal Case and chose to not assert their Fifth

Amendment rights in their answers in the Civil Case anyway.[4]  *See SEC v. Pre IPO Marketplace Inc.*, No. 24 Civ. 6886 (AMD) (CLP), 2025 WL 1371716, at *6 (E.D.N.Y. May 12, 2025) ("forcing a defendant to assert his or her Fifth Amendment privilege in a civil action is constitutional") (cleaned up); *United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 807 (E.D.N.Y. 1992) (same); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ("it does not offend the Constitution if a defendant in a civil case is asked questions the answers to which might incriminate him").  Likewise, the Criminal Defendants could have sought a stay in the Civil Case themselves before filing their answers, and they chose not to do so.

In any event, granting a stay of the Civil Case to permit the Criminal Case to proceed to its conclusion would actually inure to the Criminal Defendants' benefit because a stay in the Civil Case will permit them to avoid being prejudiced in the Civil Case by the adverse inference that would result from their assertion of their Fifth Amendment rights should discovery in the Civil Case proceed, including in depositions.

### 5. *The Public Interest*

The public interest weighs heavily in favor of the stay proposed by the Government.  As an initial matter, there is a public interest in ensuring that members of the public who would serve as witnesses in the Civil Case and the Criminal Case are not put to the expense and inconvenience of being called multiple times to testify regarding those matters.  Allowing the Criminal Case to conclude before discovery proceeds in the Civil Case serves that interest, because the outcome of the Criminal Case may render certain civil discovery unnecessary or streamline it such that witnesses may not be required to testify twice.

---

[4] As a corporation, defendant Ignite cannot invoke the Fifth Amendment.  *See In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 157 (2d Cir. 2010).

The Government and the public also have an important interest in ensuring that the defendants do not use civil discovery or motion practice in the Civil Case to circumvent the well-founded restrictions that pertain to criminal discovery. Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act provide that, in criminal cases, the statements of Government witnesses shall not be the subject of discovery "until said witness has testified on direct examination" at trial, 18 U.S.C. § 3500.

The restrictions on criminal discovery that exist under the Federal Rules are designed to preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence, or intimidate witnesses. *See United States v. Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States v. McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

Civil discovery in the Civil Case could require the disclosure of witness statements. To that end, courts in this District have repeatedly endorsed limitations on civil discovery in recognition of the fact that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise apply in criminal discovery to a criminal defendant. *See SEC v.*

11

*Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in granting Government's motion to stay, noting: "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); *Phillip Morris Inc. v. Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Bd. of Governors of the Federal Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.'"  (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1952))); *Nicholas*, 569 F. Supp. 2d at 1070.  Indeed, the rationale underlying a stay is even stronger in an indicted matter, given that a defendant in a charged criminal case will likely invoke his Fifth Amendment rights in the civil case and not participate in the very discovery process he seeks to use affirmatively.  *See, e.g., Nicholas*, 569 F. Supp. 2d at 1070 (noting when granting full stay that "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants").

Therefore, in order to avoid circumvention of criminal discovery restrictions, including the provisions that are designed to prevent defendants from tailoring their testimony, and because the

defendants will not be prejudiced in preparing and defending themselves, this factor weighs in favor of the Government's application.

### 6. *The Interests of the Courts*

Considerations of judicial economy also weigh in favor of granting a stay. The Courts have a strong interest in the efficient resolution of both the Criminal and Civil cases. Issues common to the cases can be resolved in the Criminal Case, thereby simplifying the related Civil Case. *See SEC v. Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding"); *Purchasers of Secs. of Global Indus., Ltd*, 2012 WL 5505738, at *4 ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."); *Twenty First Century Corp.*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered). Because the outcome of the Criminal Case could directly affect the conduct, scope, and result of the Civil Case, this factor favors the Government's application.

*     *     *

In sum, and as set forth above, there is considerable overlap between the parallel proceedings; charges have been filed in the Criminal Case; there is no prejudice to the parties from the requested stay; there is a strong public interest in preventing discovery in the Civil Case from being used to improperly circumvent the discovery rules in the Criminal Case; and judicial economy is best served by granting the Government's application.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that its motion to

13

intervene and for a full stay be granted.

Dated: New York, New York
       September 22, 2025

                                      Respectfully submitted,

                                      JAY CLAYTON
                                      United States Attorney

By:     */s/ Samuel P. Rothschild*
                                      Samuel P. Rothschild
                                      Assistant United States Attorney
                                      (212) 637-2504