

1825 I Street, N.W., Suite 900
Washington, DC 20006
Telephone: (202) 457-0160
Facsimile: (202) 659-1559
http://www.dickinsonwright.com

Jacob S. Frenkel* Chair, Government
Investigations and Securities Enforcement Practice
JFrenkel@dickinsonwright.com
(202) 466-5953

*Admitted to practice in Maryland and Louisiana. Not
admitted to practice in the District of Columbia.

March 17, 2026

**via CM/ECF**
The Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite 1610
New York, NY  10007

Re: *SEC v. Ignite, et. al*, No. 1:24-cv-07331-VM; Reply to Dkt. 102

Dear Judge Wang:

Dickinson Wright PLLC ("Dickinson Wright"), on behalf of its client-Defendants Paul Dowdall ("Mr. Dowdall"), and John Schaefer ("Mr. Schaefer"), respectfully submits this letter through undersigned counsel in response to the letter from the United States Attorney's Office of this date, wherein it renewed its request for a stay of this action pending the parallel criminal proceedings in California, scheduled for trial in October 2026.

On March 4, 2026, the actual parties to this litigation – counsel to Plaintiff Securities and Exchange Commission ("SEC"), counsel to all Defendants and pro se Defendant Paul Bilzerian – met and conferred to assess how many depositions each party intends to take, whom each party intends to depose, and whether those depositions can be scheduled and completed before the May 22, 2026 deposition cut-off date. (Dkt. 99 at 2). The Court endorsed the SEC's request for that deposition cut-off date (Dkt. 99). The SEC acknowledged that in-person depositions is the default, and the parties agreed that the depositions would be conducted in-person. The parties further agreed that we would strive to complete depositions by the deadline set by this Court. In the interest of continuing to work cooperatively to set the schedule, Defendants deferred to the SEC to set the entire in-person deposition schedule. Based on this cooperative approach, on March 9, 2026, the SEC proposed the schedule attached hereto as Exhibit 1. As reflected therein, the SEC's proposed schedule has the first deposition on March 24th and the last deposition on May 15th, thus putting in place a schedule that satisfies this Court's deadlines.

The letter from the United States Attorney's Office states that Zach Gleason is a "likely" but not a definite government witness in the upcoming trial in the parallel federal criminal case. The SEC designated Mr. Gleason as the first deponent to be deposed. No defendant suggested

ARIZONA • CALIFORNIA • COLORADO • FLORIDA • ILLINOIS • KENTUCKY • MICHIGAN • NEVADA
OHIO • TENNESSEE • TEXAS • WASHINGTON • WASHINGTON DC • TORONTO

DICKINSON WRIGHT PLLC

Hon. Ona T. Wang
March 17, 2026
Page 2

when or in what order to schedule the in-person depositions, deferring entirely to the SEC. The singular United States Government, through the SEC, selected Mr. Gleason first. Only thereafter, given the procedural need to notice the deposition, did counsel for two other defendants issue the notice for Mr. Gleason's deposition on the SEC's designated date.

After the notice of deposition issued to Mr. Gleason on Friday, March 13, 2026, Assistant United States Attorney (Central District of California) Jason Pang wrote to Defendants' counsel indicating that he intends to file a letter with this Court renewing the request for a stay and requested Defendants' positions regarding the renewed request. Mr. Dowdall and Mr. Schaefer oppose the United States Attorney's Office's request, as reflected in the United States Attorney's letter filed on March 16, 2026. (Dkt. 102).

On March 17, 2026, this Court entered its Order staying "deposition discovery" "[w]hile the renewed motions to intervene and to stay discovery in this case remain pending before the Court." (Dkt. 103). This Court entered the Order without affording Mr. Dowdall and Mr. Schaefer an opportunity to respond, as provided in the Court's Individual Practices. *See* Individual Practices §§ IV(b), V(c). This Court's Order effectively granted the United States Attorney's (a non-party) renewed request to stay this case, and on a near ex parte basis. Additionally, the stay of deposition discovery in this case while the United States Attorney's requests to intervene and for a stay of these proceedings throws the entire operative scheduling order in limbo, to which the parties to this action have made substantial efforts to adhere.

As has been true since the inception of this case, Mr. Dowdall and Mr. Schaefer remain steadfast that this case should not be stayed, and that they be permitted to present their defenses and positions expeditiously. As noted previously, neither is a defendant in the Central District of California criminal case, and they continue to be prejudiced by any delay in the instant civil proceeding (*See*, *e.g.*, Dkt. 85 (Oct. 6, 2025), Dkt. 97 (Dec. 9, 2025)). Moreover, Mr. Dowdall and Mr. Schaefer respectfully re-emphasize that the United States Government, by and through the SEC, proposed the full schedule for taking all depositions and specifically set first Mr. Gleason's deposition. Meanwhile, civil discovery has proceeded collegially, with the remaining matter being completion of depositions and fact discovery to move forward this case and to motions for summary judgment.

Accordingly, Mr. Dowdall and Mr. Schaefer respectfully request that this Court deny the United States Attorney's Office's request to intervene and for a stay of this civil proceeding, and to lift the stay of deposition discovery imposed pursuant to this Court's March 17 Order.

D I C K I N S O N   W R I G H T   P L L C

Hon. Ona T. Wang
March 17, 2026
Page 3

Respectfully submitted,

DICKINSON WRIGHT PLLC

*/s/ Jacob S. Frenkel*
Jacob S. Frenkel, Esq.
1825 I Street N.W., Suite 900
Washington, DC 20006
Tel: (202) 466-5953
Fax: (844) 670-6009
jfrenkel@dickinsonwright.com

## AFFIRMATION OF SERVICE

The undersigned hereby affirms that on the below date, he e-filed the foregoing via ECF, which will send a notice of electronic filing ("NEF") to all counsel/parties of record who have appeared or registered for ECF / PACER, and by e-mail to *pro se* parties who have not yet been able to obtain SDNY ECF access.

*/s/ Jacob S. Frenkel*
Jacob S. Frenkel, Esq.

Date: March 17, 2026