

Admitted:
New York
New Jersey
Pennsylvania
U.S. Virgin Islands
Dist. Ct. Puerto Rico

**Daniel Cevallos, Esquire**
60 Broad Street, Suite 2900
New York, NY 10004
P: 917.699.5008
www.CevallosWong.com
Danny@CevallosWong.com

March 17, 2026

The Honorable Ona T. Wang
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re: *SEC v Ignite, Int'l Investments, et. al*, No. 1:24-cv-07331-VM-OW
> California Criminal Case: *U.S. v. Bilzerian, et al.*, 24-cr-569 (MEMF) (C.D.Cal.)

Dear Judge Wang:

My firm represents defendant International Investments, Ltd.[1] in the above-referenced civil case brought by the plaintiff Securities and Exchange Commission.[2] International Investments *respectfully* moves the Court to reconsider Magistrate Judge Wang's 3/17/2026 10:52 a.m. Order[3] staying all deposition discovery.

## 1. BACKGROUND

On 1/8/2026, Judge Marrero signed the parties' jointly agreed upon scheduling Order.[4] Among other deadlines, Judge Marrero's order required the parties to complete depositions by 5/22/2026.

On 3/4/2026, the parties (SEC and all defendants, not the USAO) met and conferred to schedule all depositions prior to the 5/22/2026 deadline. Plaintiff SEC acknowledged that in-person depositions are the default,[5] and the parties agreed to conduct all depositions in person. All defendants deferred to the SEC to prepare the deposition schedule, including the order of witnesses. Counsel for the SEC set the schedule,[6] and the defendants acquiesced to the SEC's selected dates.[7] The parties began preparing to conduct discovery, and on 3/13/2026, at 2:08 p.m., defendant International Investments noticed the deposition of nonparty witness Zach Gleason.

On Friday, 3/13/2026, at 3:30 p.m., Assistant United States Attorney Jason Pang[8] e-mailed the parties on behalf of the nonparty United States Attorney's Office.[9] In his e-mail, AUSA Pang told

---

[1] "International Investments." We also separately represent defendant Scott Rohleder.
[2] "SEC". This case is referred to as the "civil case" or the "SEC case".
[3] ECF 103.
[4] ECF 99.
[5] *Clarke v Passfeed*, 24 CIV. 596 (JPC) (SLC), 2024 WL 4751690, at *2 [SDNY Oct. 7, 2024].
[6] Exh. 1 to Dowdall, Schaefer letter, ECF 104-1.

[7] Defendants agreed to all dates, with only one exception that I'm aware of. *I* have a conflict with Mr. Rohleder's deposition date of 4/14/2026. I have already contacted SEC's counsel, provided new alternate dates, and we are working out new dates for this deposition.
[8] "AUSA Pang."
[9] "USAO."



the parties that the government planned to file a letter with the Court. The USAO's letter would renew the request for a stay, and notify the Court the government "expected" to also call the nonparty witness Zach Gleason in a pending criminal case in California.[10] AUSA Pang asked the defendants to let AUSA Pang know the defendants' positions on this stay request.

On 3/13/2026 at 9:31 a.m., defendant Paul Bilzerian notified the government he would oppose a stay. On 3/16/2026, at 9:58 a.m., defendants Paul Dowdall and John Schaefer notified the government that they would oppose a stay. On 3/16/2026, at 4:19 p.m., defendant International Investments notified the government that it would oppose a stay.

On 3/16/2026, at 5:02 p.m., AUSA Samuel Rothschild,[11] e-filed a letter directed to Magistrate Judge Wang,[12] renewing the nonparty USAO's prior request for a stay, based on the pending California criminal case. In that 3/16/2026 letter, the USAO expressly notified the Court that "Defendants Paul Bilzerian, International Investments, Ltd., Paul Dowdall, and John Schaefer, oppose the Motion"[13] and the stay.

After AUSA Rothschild filed the USAO's letter at 5:02 p.m., those same defendants began preparing their respective oppositions to the nonparty's request for a stay. However, Magistrate Judge Wang granted the nonparty's request the next morning, before any party had the opportunity to respond to the request.

### A. Judge Wang Decides Nonparty Request with No Opportunity for Parties to Respond

On 3/17/2026, at 10:51 a.m.,[14] the Court entered an Order:[15]

> ORDER: The Court has reviewed the Government's letter at ECF 102. While the renewed motions to intervene and to stay discovery in this case remain pending before the Court, all deposition discovery is STAYED. The Government is directed to file a status letter on March 27, 2026, and the last business Friday of every month thereafter, to inform the Court on the status of the related criminal case. The Government is further directed to file a letter notifying the Court that the related criminal case has been resolved within 48 hours of its resolution. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 3/17/2026) (rro)

Between the filing of the USAO's letter at 5:02 p.m. on 3/16/2026 and the Court's Order at 10:51 a.m. on 3/17/2026, there was no meaningful opportunity for the parties to prepare and submit opposition.

---

[10] The "California criminal case." *U.S. v. Bilzerian, et al.*, 24-cr-569 (MEMF) (C.D.Cal.). On 12/11/2025 (ECF 2571) the trial in this criminal case was continued, from 1/12/2026, to 10/19/2026.

[11] "AUSA Rothschild".

[12] ECF 102.

[13] ECF 102.

[14] Assuming Courthouse hours of 9:00 a.m. to 5:00 p.m., the Order was issued 1 hour, 51 minutes (in work hours) after the USAO's request.

[15] ECF 103.

**C&W** CEVALLOS & WONG LLP

### B. Court Acted on Near Ex Parte Basis

The Court acted on the USAO's application on a near *ex parte* basis. The USAO filed its request at 5:02 p.m. on 3/16/2026, expressly advising that multiple defendants—including International Investments—opposed the requested relief. Less than one business morning later, the Court ruled without requesting or receiving any submission from defendants and without setting a briefing schedule.

### C. Order Incompatible with Judge Marrero's Discovery Order

Magistrate Judge Wang did not grant the USAO's motion to intervene or to stay. Instead, the Magistrate imposed a stay limited to "deposition discovery" "[w]hile the renewed motions to intervene and to stay discovery in this case remain pending." The Magistrate's Order creates practical and procedural inconsistency with Judge Marrero's operative scheduling order. By staying depositions—but not other discovery—while maintaining the existing discovery deadline set by Judge Marrero, the Magistrate's Order places the parties in a procedurally untenable position. It effectively disrupts Judge Marrero's Court-endorsed schedule without addressing how compliance remains possible.

### D. Local Rule 6.1 and Judge Wang's Individual Practices Contemplate Opportunity to Respond

Local Civil Rule 6.1(a) and (b) presume that a nonmovant will have an opportunity to respond to a motion. Similarly, Judge Wang's Individual Practices provide for an opportunity to respond to a discovery dispute such as this one. Judge Wang's Individual Practice Rule § IV(b) provides:

> Discovery Disputes...Any party wishing to raise a discovery dispute with the Court must first meet and confer...If this meet-and-confer process does not resolve the dispute, the party may submit an ECF letter-motion to the Court...explaining the nature of the dispute and requesting a conference...**Any responsive letter should be submitted within three business days** after submission of the letter-motion.

Judge Wang's 3/17/2026 Order was issued in contravention to Judge Wang's own Individual Practices. The Court should have provided the defendants an opportunity to respond within three business days. Additionally, it's unclear whether the nonparty USAO was able to even submit such a letter motion, since Rule IV(b) only authorizes letter motions from *parties*.

## 2. DEFENDANTS DENIED OPPORTUNITY TO RESPOND

The Court should reconsider its decision staying all deposition discovery because it was issued before International Investments—or any of the opposing defendants—had an opportunity to be heard, notwithstanding that the Court was expressly advised that multiple defendants opposed a stay.

A nonparty's request for relief affecting the course of litigation—particularly one halting all deposition discovery—should not be decided before the actual parties have a meaningful



opportunity to respond, especially where (1) the parties were complying with an agreed-upon discovery schedule endorsed by the District Judge's Order setting discovery deadlines; and (2) the Magistrate Judge was on notice that the relief was contested.

International Investments is prejudiced because the stay halts depositions that were already scheduled pursuant to a Court-endorsed discovery deadline and a coordinated schedule set by the SEC and agreed to by all defendants. It delays the completion of fact discovery and the progression of this case toward summary judgment, while International Investments is not a defendant in the California criminal case that forms the basis of the Government's request. In these circumstances, the absence of an opportunity to be heard is not a technical defect—it is outcome-determinative.

### 3. NONPARTY'S REQUEST FOR STAY SHOULD BE DENIED ON MERITS

The USAO's letter focuses on a single issue: the scheduled deposition of a nonparty witness named Zach Gleason. The USAO claims that Gleason is a "likely" government witness in the California criminal case. But it was the *SEC* (also the government) that scheduled Gleason's deposition on 3/24/2026. SEC chose to place Mr. Gleason first out of *all* depositions—parties and nonparties alike. The defendants only agreed to SEC's chosen dates.

The SEC and USAO, both representatives of the United States Government, have been recognized repeatedly by this Court to be the same party (for such purposes as offensive collateral estoppel), in similar parallel criminal and civil securities fraud cases by courts in this district.[16] The government (through the plaintiff SEC) chose this deposition schedule. The government (through the SEC) chose to depose Gleason first, out of all depositions. The government (SEC) scheduled all depositions to be completed before 5/22/2026, to comply with the Court's deadlines. The government cannot now (through the nonparty USAO) insist that the government's own deposition schedule requires a stay.

The stay also contradicts and disrupts Judge Marrero's scheduling order, which requires completion of depositions by 5/22/2026. The parties were actively implementing that schedule when Magistrate Judge Wang ordered the stay.

For these reasons, International Investments respectfully requests that the Court vacate the 3/17/2026 Order staying deposition discovery. At a minimum, the Court should permit full briefing on the USAO's request before determining whether any stay is warranted.

Respectfully Submitted,

By:_____
Daniel L. Cevallos, Esq.

---

[16] *SEC v Genovese*, 553 F.Supp.3d 24, 42 [SDNY 2021] [Koeltl, J.].



CC:
Parties
Charles Canter, Esq. (SEC)
Jacob Frenkel, Esq. (Ignite, Dowdall, Schaefer)
Paul Bilzerian (*pro se*)

Nonparties (courtesy copy)
AUSA Samuel Rothschild; AUSA
Samuel P. Rothschild

### Affirmation of Service

The undersigned hereby affirms that on the below date, he e-filed the foregoing via electronic case filing ("ECF"), which will send a notice of electronic filing ("NEF") to all counsel/parties of record, including SEC, who have appeared or registered for ECF / PACER, and by e-mail to nonparties USAOs. Counsel will also separately e-mail a copy of the foregoing to nonparty USAO.

Dated: **March 17, 2026**

By:_____
Daniel L. Cevallos, Esq.