

**LOS ANGELES
REGIONAL OFFICE**

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
444 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CA 90071

April 22, 2026

**By ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     Securities and Exchange Commission v. Ignite International Brands, Ltd., et al.,
        No. 1:24-cv-07331-VM

Dear Judge Wang:

In response to the Court's Order granting the United States Department of Justice's ("DOJ") motion to intervene and motion stay this action (ECF No. 118, the "Order"), the parties jointly provide this requested status letter: (1) proposing three dates in May or June for a status conference; (2) summarizing the discovery done to date; (3) summarizing what discovery, if any, the parties agree may proceed, consistent with the Court's Order;  (4) whether defendants Paul Dowdall ("Dowdall"), John Schaefer ("Schaefer"), and International Investments, Ltd. ("International Investments") intend to move for severance; and (5) the status of service of the Court's April 16, 2026 Order on Paul Bilzerian.

1.  **Proposed Dates for a Status Conference**

The parties[1] met and conferred and are available for a status conference, and request remote appearance by counsel, [2] on the following dates:
        May 6, 2026, all day except for noon to 2 pm EST
        June 18, 2026
        June 22, 2026

---

[1] Defendant Paul Bilzerian did not respond to or participate in the communications and conference of counsel for all other defendants and for intervenor the United States Department of Justice.

[2] The Government would be represented at the status conference by SDNY AUSA Samuel Rothschild on these dates, and CDCA AUSA David Lachman would be available to appear virtually on May 6.  If the Court would require that the CDCA AUSAs appear in person at a status conference, due to trial and other conflicts by CDCA AUSAs Jason Pang and David Lachman, the Government would request leave to meet and confer with the other parties about additional dates in July 2026.

2.  **Status of Discovery**

The SEC served its initial disclosures on August 29, 2025.  In accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(ii), the SEC made available a copy of all documents, electronically-stored information, and tangible things that the SEC had in its possession, custody, or control that it might use to support its claims. These materials consist of the non-privileged documents, electronically-stored information, and tangible things concerning this matter that were gathered by the SEC during its investigation of the facts alleged in this action.  Defendants served initial disclosures on September 26, 2025. The SEC supplemented its initial disclosures on March 3, 2026, and on March 20, 2026.

On January 16, 2026, the SEC served its First Set of Requests for Production of Documents to all Defendants and its First Set of Interrogatories to Defendants Dowdall, Ignite, International Investments, Rohleder, and Schaefer. Defendants responded on February 13, 2026, though no Defendants produced documents.  The SEC and Defendants Ignite, Schaefer, Dowdall, International Investments, and Rohleder have met and conferred regarding completion of those Defendants' responses.  Those issues remain outstanding.

On March 3, 2026, the SEC served a Second set of Requests for Production of Documents to defendant Ignite.  As of the date of this letter, defendant Ignite has not responded to the Second Request for Production of Documents, and counsel for Ignite has indicated that in light of the Court's stay of discovery in this matter, they will not respond.  Also on March 3, 2026, the SEC served a Second set of Interrogatories on defendants Ignite and Schaefer.  Similarly, counsel for defendants Ignite and Schaefer have indicated that they will not respond to these requests due to the stay of discovery in this matter.

On March 9, 2026, the SEC issued a subpoena for documents to Rohleder, Inc. Counsel for Defendant Rohleder accepted service of the subpoena on behalf of Defendant Rohleder, who is Rohleder, Inc.'s registered agent.  Rohleder, Inc. has not yet responded to the subpoena.  On April 15, 2026, the SEC and counsel for Defendant Rohleder agreed to a 30-day extension to respond.

On March 11, 2026, the SEC issued a subpoena to BayFirst National Bank, requesting bank records of Rohleder, Inc.  At the request of defendant Rohleder, the SEC agreed not to serve that subpoena, provided Defendant Rohleder would provide the requested information himself.  Defendant Rohleder provided a subset of that information on March 26, 2026, and then an additional set of information on March 27, 2026.  The March 27, 2026, production, however, was incomplete, and the SEC requested complete information that day.  The SEC understands that the 30-day extension requested by counsel for defendant Rohleder to apply to the Rohleder, Inc. subpoena as well.

The SEC has completed its responses to all discovery requests, including Interrogatories and Requests for Production, propounded by Defendants.

In summary, the SEC and Defendants have served initial disclosures and have responded to requests for production and interrogatories.  Outstanding are (1) clarifications regarding the completeness of several Defendants' responses to the SEC's requests for production; (2) the SEC's second request for production to Ignite; (3) the SEC's second set of interrogatories to defendants Ignite and Schaefer; and, (4) production of documents by Rohleder, Inc.

Finally, as the Court is aware, the parties met and conferred and agreed on a deposition schedule for the remaining depositions in this action, including the depositions of all defendants (including Rule 30(b)(6) depositions relating to the corporate defendants) as well as depositions of eight fact witnesses.  No depositions have been taken in this action.

3. **Continued Discovery**

As discussed below, the SEC understands that defendants Dowdall, Schaefer, and International Investments intend to seek to move to sever the action against them from the remaining defendants.  While the SEC would otherwise not pursue any relief from the stay of discovery in this action, if the motion to sever is granted, the SEC will continue to seek the outstanding discovery listed above, and would also need other discovery up to and including depositions.

Moreover, while the parties had previously agreed to a deposition schedule, that schedule assumed that the SEC could take voluntary, in-person deposition testimony of Defendants Bilzerian and International Investments and of a third-party witness in St. Kitts. Since that schedule was proposed, however, the SEC has learned that in-person depositions in St. Kitts require official, diplomatic permissions. Obtaining those permissions take 12 to 18 months. Thus, any further deposition discovery from these witnesses will need to (1) provide for remote testimony; (2) provide for in-person testimony in the United States or Canada; or (3) accommodate the time needed to obtain the necessary permissions for testimony in St. Kitts.

4. **Severance**

Defendants Dowdall, Schaefer, and International Investments intend to move to seek to sever the action against them from the remaining co-defendants.  The SEC opposes severance.  The Government reserves its position on a motion to sever by defendants Dowdall, Schaefer, and International Investments, but it expects to move to stay any severed case, if any, including discovery.

5. **Service of the Court's April 16, 2026 Order on Defendant Paul Bilzerian**

The Order also noted that defendant Paul Bilzerian was self-represented in this case and may have been under arrest in Saint Kitts and Nevis ("St. Kitts") in relation to the Government's extradition proceedings.  Mr. Bilzerian is no longer in custody and has

retained counsel in St. Kitts.  The Government has served the Order on one of Mr. Bilzerian's attorneys in St. Kitts, Derriann Charles, and the Government will separately file a proof of service.

Respectfully submitted,

/s/ *Kathryn C. Wanner*
Kathryn C. Wanner
Charles E. Canter
Trial Counsel
*Counsel for Securities and Exchange Commission*

/s/ *Jacob S. Frenkel*
Jacob S. Frenkel
DICKINSON WRIGHT PLLC
*Counsel for Defendants Ignite International Brands Ltd., John Schaefer, and Paul Dowdall*

/s/ *Daniel L. Cevallos*
Daniel L. Cevallos
CEVALLOS & WONG LLP
*Counsel for Defendants Scott Rohleder and International Investments Ltd.*

/s/ *Samuel P. Rothschild*
Samuel P. Rothschild
Assistant United States Attorney
Southern District of New York
Jason Pang
David Lachman
Assistant United States Attorneys
Central District of California
*Counsel for Intervenor the United States Department of Justice*